USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CAROLINA FONTOINE,                    :

                  Plaintiff,          :      17 Civ. 10086 (AT)(HBP)

     -against-                        :      OPINION
                                             AND ORDER
THE PERMANENT MISSION OF CHILE        :
TO THE UNITED NATIONS, et al.,
                                      :
                  Defendants.
                                      :
------------------------------------X

          PITMAN, United States Magistrate Judge:

I.   Introduction

          Plaintiff moves for an Order pursuant to Rule 15 of the

Federal Rules of Civil Procedure granting leave to file a second

amended complaint (Plaintiff's Notice of Motion and Motion for

Leave to Amend Her Complaint; Memorandum of Law in Support

Thereof, dated Sept. 9, 2018 (Docket Item ("D.I.") 79) ("Pl.

Memo.")).  For the reasons set forth below, the motion is granted

in part and denied in part.

## II.  Background

### A.  Facts

This is an employment discrimination/retaliation
action.  Plaintiff was employed by defendant The Permanent
Mission of Chile to the United Nations ("the Mission") as a
secretary from July 6, 2015 until June 30, 2017 (Proposed Second
Amended Complaint, annexed to Pl. Memo. as Ex. 1 (D.I. 79-1)
("SAC") ¶¶ 18, 65).  Plaintiff alleges that during her employment
at the Mission, she was a victim of discrimination on the basis
of sex and consistently harassed by Ambassador Cristian Barros,
Ambassador Carlos Olguin and Chief of Administration Ernesto
Gonzalez (collectively, the "Individual Defendants") (Facts
Pertaining to Plaintiff's EEOC Complaint, undated, annexed to
Amended Complaint ("Am. Compl.") (D.I. 4) ("EEOC Facts") at 1-8).

Plaintiff alleges that this harassment began during her
initial interview with the Mission on May 21, 2015 when Olguin
asked her multiple questions concerning her then pending divorce
proceedings, which made her feel uncomfortable (EEOC Facts at 1).
After she was hired on July 6, 2015, plaintiff alleges that
Olguin frequently asked her about her dating life and, on one
occasion, he insisted on rubbing hand lotion on her (EEOC Facts
at 1-2).  In January 2016, Olguin also told plaintiff that a

2

female employee who worked in a different office had "outstanding physical assets" such as "big breasts and [a] big buttocks" and that all the men in that office "were drooling for her" (EEOC at 1). Plaintiff alleges that she later learned that this same female employee was also a divorcee and had filed a formal complaint of harassment against Olguin (EEOC Facts at 1). Plaintiff further alleges that after she asked Olguin to stop his offensive behavior, he began unfairly reprimanding her for trivial things, such as speaking to diplomats in "informal Spanish" (EEOC at 2-3). On March 6, 2017, plaintiff alleges that Barros gave her a negative performance evaluation based on false or unsubstantiated facts, and that Barros, Olguin and Gonzalez created a "hostile work environment" for plaintiff from that point until she was terminated on June 30, 2017 (EEOC Facts at 5-8).

Plaintiff also contends that she was treated unfairly because Gonzalez required her to produce a "disability notice" from her doctor when she reported sick on October 13, 2016 and February 10, 2017, while other employees were not required to produce such supporting documentation (EEOC Facts at 4-5).

B.  Procedural History

Plaintiff commenced this action pro se on December 26, 2017 when she filed a form "Employment Discrimination Complaint" alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA") (Complaint, dated Dec. 26, 2017 (D.I. 2) ("Compl.") at 3-4).  A few days later on January 2, 2018, plaintiff filed an amended form complaint (see Am. Compl.).  The main difference between these two complaints is that plaintiff attached her EEOC complaint paperwork to her amended complaint, which provided more detail with respect to her discrimination and harassment allegations against defendants.  In addition, although plaintiff's amended complaint listed the Mission as a defendant in the caption, she did not list the Mission as a party in the section entitled "Defendant Information" as she had in her initial complaint (Am. Compl. at 2-3).

On January 22, 2018, the Honorable Analisa Torres, United States District Judge, construed plaintiff's amended complaint as also alleging violations of the New York State Human Rights Law, N.Y. Exec. Law §§ 296 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 et seq. ("NYCHRL") (Order, dated Jan. 22, 2018 (D.I. 9)).

4

On April 5, 2018, Zein E. Obagi, Esq. entered a notice of appearance on behalf of plaintiff (Notice of Appearance of Counsel for Plaintiff, dated Apr. 4, 2018 (D.I. 24)). Mr. Obagi then filed a pre-motion letter on August 2, 2018 stating plaintiff's intention to amend her complaint and subsequently filed the present motion on September 9, 2018 (Letter to the Honorable Analisa Torres from Zein E. Obagi, Esq., dated Aug. 2, 2018 (D.I. 73); Pl. Memo.).

C. Proposed Second
Amended Complaint

Plaintiff's proposed second amended complaint provides significantly more detail with respect to her claims of harassment and discrimination (SAC ¶¶ 22-66). Additionally, it provides further details concerning plaintiff's employment with defendants, including an allegation that plaintiff's employment contract with the Mission was allegedly "governed by the current legislation of the United States of America" (SAC ¶ 18). The proposed second amended complaint also adds "Does 1-20" in the caption of the complaint and sets out allegations against the Mission in the body of the complaint (SAC ¶ 2).

Finally, the proposed second amended complaint adds a claim for "marital based discrimination" under the NYCHRL and

NYSHRL (SAC ¶¶ 72-81, 95-105) and a claim for "intentional infliction of emotional distress" ("IIED") under New York law (SAC ¶¶ 136-41). While the claims listed in plaintiff's first amended complaint were asserted against all defendants, her proposed second amended complaint alleges only IIED against the Individual Defendants (SAC ¶¶ 136-41). This claim is based on a new allegation that the Individual Defendants sent an "anonymous letter" to plaintiff's new employer on January 6, 2018 stating that plaintiff had "created major disruption [at the Mission] to the point that many people suffered the consequences of her lies and slander" (SAC ¶¶ 69-71).

III. <u>Analysis</u>

A. <u>Applicable Legal Standards</u>

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Medina v. Tremor Video, Inc.</u>, 640 F. App'x 45, 47 (2d Cir. 2016) (summary order); <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797 F.3d 160, 190 (2d Cir. 2015); <u>Dluhos v. Floating & Abandoned Vessel, Known as "New York"</u>, 162 F.3d 63,

69 (2d Cir. 1998); Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 287 (2d Cir. 1974). This "permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, supra, 797 F.3d at 190 (internal quotation marks omitted).

However, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (per curiam), citing Foman v. Davis, supra, 371 U.S. at 182; accord American Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.); see also Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116 F.3d 465 (2d Cir. 1997) (summary order), citing Foman v. Davis, supra, 371 U.S. at 182. Defendants challenge plaintiff's motion to file a second amended complaint on the grounds of undue delay, prejudice, futility and bad faith.

## B. Application of the
Foregoing Principles

### 1. Undue Delay and Prejudice

Defendants contend that plaintiff should not be permitted to file her second amended complaint because she is guilty of undue delay and the defendants have been prejudiced by this delay (Defendants' Memorandum in Opposition to Motion for Leave to File a Second Amended Complaint, dated Sept. 25, 2018 (D.I. 84) ("Def. Memo.") at 23-26).

A court may "deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); accord Hernandez v. BMNY Contracting Corp., 17 Civ. 9375 (GBD), 2019 WL 418498 at *1 (S.D.N.Y. Jan. 17, 2019) (Daniels, D.J.); Cerni v. J.P. Morgan Sec. LLC, 208 F. Supp. 3d 533, 543-44 (S.D.N.Y. 2016) (Nathan, D.J.). "'[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993), quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983). "'Mere delay, however, absent a showing of bad faith or

undue prejudice, does not provide a basis for a district court to deny the right to amend.'" Ruotolo v. City of New York, 514 F.3d 184, 191, (2d Cir. 2008), quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

"Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725-26 (2d Cir. 2010), quoting Block v. First Blood Assocs., supra, 988 F.2d at 350. Courts are "particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment." Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order) (collecting cases).

As described above, plaintiff filed her first amended complaint on January 2, 2018, only a week after she commenced this action, and the only substantive change was the annexation of her EEOC paperwork. Plaintiff did not obtain counsel until April 18, 2018, and filed her pre-motion letter stating her intention to move to amend her complaint less than four months later on August 2, 2018. Given plaintiff's initial pro se status and the relatively short history of this matter, I find that

9

there is no undue delay here.[1]  See Jordan v. Ellsworth, 16-CV-

6384 (FPG), 2017 WL 6059889 at *1-*2 (W.D.N.Y. Dec. 7, 2017) (no

undue delay where a pro se plaintiff obtained counsel five months

after she filed her initial complaint and moved to amend her

complaint two months thereafter); Boston v. Taconic Mgmt. Co., 12

Civ. 4077 (ER), 2014 WL 4184751 at *4 (S.D.N.Y. Aug. 22, 2014)

(Ramos, D.J.) (no undue delay where a pro se plaintiff obtained

counsel over a year after he filed his initial complaint and

moved to amend his complaint five months thereafter); Hall v.

North Bellmore Union Free School Dist., 08-CV-1999 (JS)(ARL),

---

[1]Defendants argue that plaintiff has not shown "good cause"
for the delayed filing of her motion to amend and, thus, her
motion should be denied (Def. Memo. at 5-16).  A plaintiff is
required to demonstrate "good cause" where "a [Rule 16]
scheduling order governs amendments to the complaint, and a
plaintiff wishes to amend after the scheduling deadline has
passed."  Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir.
2017).  Because no scheduling order has been issued in this
matter and no deadlines were ever set, plaintiff's motion to
amend should be evaluated under the more liberal standards of
Rule 15, which does not require a showing of good cause.  Media
Glow Digital, LLC v. Panasonic Corp. of N.A., 16 Civ. 7907
(JFK)(HBP), 2018 WL 6444934 at *4 (S.D.N.Y. Dec. 10, 2018)
(Pitman, M.J.); Tolliver v. Lilley, 12-CV-971 (DAB)(KNF), 2016 WL
5793998 at *2 (S.D.N.Y. Sept. 19, 2016) (Fox, M.J.).  However,
because Judge Torres instructed plaintiff to "address why there
is 'good cause' for amendment" (Order, dated Aug. 10, 2018 (D.I.
77)), I also find that good cause is established by (1)
plaintiff's initial pro se status, (2) the fact that newly
retained counsel moved to amend the complaint within four months
of appearing in this matter and (3) the existence of new facts
that arose only after plaintiff filed her first amended
complaint.

2010 WL 1049280 at *1-*3 (E.D.N.Y. Mar. 18, 2010) (no undue delay where a pro se plaintiff obtained counsel nine months after she filed her initial complaint and moved to amend her complaint four months thereafter).

Moreover, defendants have not sufficiently alleged that any of plaintiff's proposed amendments would cause them to suffer prejudice. See Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in granting leave to amend after seven year delay in the absence of prejudice). There is still a factual dispute between the parties over whether plaintiff has properly served defendants (Def. Memo. at 16-20). Thus, defendants have not even filed an answer to plaintiff's first amended complaint, I have yet to issue a scheduling order and discovery has not begun. See Cook v. City of New York, 243 F. Supp. 3d 332, 356 (E.D.N.Y. 2017) (no prejudice where "plaintiffs [sought] to amend the Complaint for a second time approximately ten months after filing the original Complaint, [but] no depositions ha[d] occurred, no motions for summary judgment or motions to dismiss ha[d] been filed and a trial date ha[d] not yet been set, events which would indicate that the parties ha[d] progressed far beyond the stage of discovery"); Lin v. Toyo Food, Inc., 12 Civ. 7392 (KMK), 2016 WL 4502040 at *3 (S.D.N.Y. Aug. 26, 2016) (Karas, D.J.) ("Although

Defendants complain that the proposed amendment would further extend the already-lengthy duration of this [case], it bears mentioning that no motions for summary judgment have been filed, nor has a trial date been set.") (internal quotation marks and citations omitted)).

Furthermore, plaintiff's second amended complaint merely provides further detail and clarification concerning the claims that she initially alleged in her complaint and first amended complaint. The only new factual allegations set forth by plaintiff relate to the anonymous letter allegedly sent to plaintiff's new employer by the Individual Defendants and these facts arose on January 6, 2018 -- four days after plaintiff filed her first amended complaint (SAC ¶¶ 69-71). Thus, there is no way plaintiff "knew or should have known of the facts upon which [this] amendment is based when [her] original pleading was filed." Hernandez v. BMNY Contracting Corp., supra, 2019 WL 418498 at *1 (citation omitted).

Defendants' only argument that granting plaintiff leave to file a second amended complaint would be prejudicial is that "[t]he pendency of this has case irritated U.S.-Chile foreign relations since it was filed, and it has caused unnecessary turbulence in Santiago, demanding time and resources" (Def. Memo. at 25-26). Defendants do not elaborate on this vague and unsup-

ported assertion. In any event, the fact that plaintiff's lawsuit may have caused the Mission difficulty is not sufficient prejudice to deny her motion to amend. Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Moreover, defendants have not shown that filing the proposed second amended complaint will exacerbate the alleged "turbulence in Santiago."

Accordingly, "[g]iven plaintiff's former status as a pro se litigant, the relatively short span of time between counsel's appearance and the pre-motion request, and the lack of any notable prejudice to [defendants]", I find that plaintiff is not guilty of undue delay and that granting her motion will not prejudice defendants. Boston v. Taconic Mgmt. Co., supra, 2014 WL 4184751 at *4.

### 2. Futility

Defendants next contend that plaintiff's application to add an IIED claim and to add "Does 1-20" as defendants should be denied on futility grounds (Def. Memo. at 16, 26-27).

A proposed amended complaint is futile when it fails to state a claim. AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010); Health-Chem Corp. v.

13

Baker, 915 F.2d 805, 810 (2d Cir. 1990). The party opposing the amendment has the burden of demonstrating that leave to amend would be futile. Staskowski v. County of Nassau, No. 05-CV-5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007) (adopting Report & Recommendation); Lugosch v. Congel, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002), citing Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

An amendment to a complaint may be denied as futile if a defendant can show that there is no "set of facts consistent with the allegations in the complaint" which would entitle the plaintiff to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). A proposed amended complaint is not futile when the "[f]actual allegations [are sufficient] to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, supra, 550 U.S. at 555.

It is well settled that in determining whether a proposed amended complaint is futile, the court must assume the truth of the allegations set forth therein. Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012); Wallace v. Warden of M.D.C., 14 Civ. 6522 (PAC)(HBP), 2016 WL 6901315 at *3 (S.D.N.Y. Nov. 23, 2016) (Pitman, M.J.); Max

14

Impact, LLC v. Sherwood Grp., Inc., 09 Civ. 902 (LMM)(HBP), 2012 WL 3831535 at *2 (S.D.N.Y. Aug. 16, 2012) (Pitman, M.J.); Edwards v. City of New York, No. 07-CV-5286 (CPS)(RML), 2009 WL 1910740 at *2 (E.D.N.Y. June 29, 2009); Binder v. National Life of Vt., 02 Civ. 6411 (GEL), 2003 WL 21180417 at *2 (S.D.N.Y. May 20, 2003) (Lynch, then D.J., now Cir. J.); Gabourel v. Bouchard Transp. Co., 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (Chin, then D.J., now Cir. J.).

### a. Intentional Infliction Of Emotional Distress

Defendants' sole futility argument with respect to plaintiff's IIED claim is that her claim is "implausible" because it is nothing more than a "conclusory allegation" and does not connect defendants to the anonymous disparaging letter to plaintiff's new employer (Def. Memo. at 27).

Plaintiff alleges that Barros, Olguin and Gonzalez sent the following unsigned letter to plaintiff's new employer:

> It has come to my attention that Mrs. Carolina Font[o]ine works in your institution. I would like to notify you that this individual created major disruption in our organization to the point that many people suffered the consequences of her lies and slander. I join an article from the biggest newspaper in Chile that reported the problem in its pages. Be very weary [sic]. Sincerely.

(SAC ¶ 70). Plaintiff further alleges that this letter caused her to suffer "severe emotional distress", "heightened anxiety, depression, anger and . . . paranoia" (SAC ¶ 141).

While defendants may be correct that plaintiff will not ultimately be able to link this anonymous letter to the Individual Defendants, at this stage of the proceedings, I must assume the truth of the allegations set forth in the proposed second amended complaint and all factual disputes must be resolved in favor of plaintiff. <u>Innis v. City of New York</u>, 17 Civ. 323 (LTS)(HBP), 2017 WL 4797904 at *2 (S.D.N.Y. Oct. 24, 2017) (Pitman, M.J.); <u>New York ex rel. Khurana v. Spherion Corp.</u>, 15 Civ. 6605 (JFK), 2017 WL 1437204 at *3 (S.D.N.Y. Apr. 21, 2017) (Keenan, D.J.). Under the applicable deferential standard, plaintiff has set forth sufficient facts to allege plausibly that the Individual Defendants sent this letter. The alleged letter purports to be from a former employer that has some connection to Chile. Defendants, who presumably asked plaintiff about her prior employment before hiring her, do not claim that plaintiff had any other employer who fits that profile.

Thus, I find that defendants' have not met their burden of demonstrating that plaintiff's amended claim of IIED is

futile. <u>Staskowski v. County of Nassau</u>, <u>supra</u>, 2007 WL 4198341 at *4.[2]

### b. <u>Does 1-20</u>

Plaintiff lists "Does 1-20" as defendants in the caption of her proposed second amended complaint, but makes no factual allegations and asserts no claims against them (<u>see generally</u> SAC). It is well settled that "[w]here a complaint

---

[2] I note that plaintiff's IIED claim appears problematic on its face given that it is well settled that in order to state "an IIED claim, the conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" <u>Rich v. Fox News Network, LLC</u>, 322 F. Supp. 3d 487, 498 (S.D.N.Y. 2018) (Daniels, D.J.), <u>quoting</u> <u>Howell v. New York Post Co.</u>, 81 N.Y.2d 115, 122, 612 N.E.2d 699, 702, 596 N.Y.S.2d 350, 353 (1993)); <u>see also</u> <u>DiRuzza v. Lanza</u>, 685 F. App'x 34, 36 (2d Cir. 2017) (summary order) ("[a] claim for [IIED] must satisfy an exceedingly high legal standard"). Specifically, "courts in this Circuit have recognized[ ] [that] defamatory statements generally cannot constitute the extreme and outrageous behavior required for an [IIED] claim." <u>Restis v. Am. Coal. Against Nuclear Iran, Inc.</u>, 53 F. Supp. 3d 705, 729 (S.D.N.Y. 2014) (Ramos, D.J.). Similarly, "courts have held that false statements or misrepresentations -- even if intentionally made -- do not rise to the level of extreme and outrageous conduct." <u>Baraliu v. Vinya Capital, L.P.</u>, 07 Civ. 4626 (MHD), 2009 WL 959578 at *12 (S.D.N.Y. Mar. 31, 2009) (Dolinger, M.J.) (citations omitted). However, because defendants have failed to make any of these arguments and considering that it is defendants' burden to show futility, I cannot rely on them as a basis to find the proposed second amended complaint futile. <u>See</u> <u>Tammaro v. City of New York</u>, 13 Civ. 6190, 2018 WL 1621535 at *11 (S.D.N.Y. Mar. 30, 2018) (Pauley, D.J.) (court cannot dismiss an action for failure to state a claim on grounds not raised or briefed by the parties (citations omitted)).

fails to contain any substantive allegations concerning a defendant named in the caption, it fails to state a claim as to that defendant." Diggs v. City of New York, 17 Civ. 1127 (VEC)(HBP), 2018 WL 5924413 at *3 (S.D.N.Y. Aug. 17, 2018) (Pitman, M.J.) (Report & Recommendation), adopted at, 2018 WL 4666073 (S.D.N.Y. Sept. 27, 2018) (Caproni, D.J.); accord Perkins v. City of New York, 14 Civ. 3779 (WHP), 2017 WL 1025987 at *2 (S.D.N.Y. Mar. 15, 2017) (Pauley, D.J.); Myers v. City of New York, 11 Civ. 8525 (PAE), 2012 WL 3776707 at *3 (S.D.N.Y. Aug. 29, 2012) (Engelmayer, D.J.), aff'd, 529 F. App'x 105 (2d Cir. 2013) (summary order); Barnes v. Pozzi, 10 Civ. 2254 (JGK), 2012 WL 3155073 at *8 (S.D.N.Y. Aug. 3, 2012) (Koeltl, D.J.).

Thus, there are no conceivable set of facts that would entitle plaintiff to relief against these 20 unnamed defendants and her motion to add them as parties to the action is, therefore, denied.

### 3. Bad Faith

Defendants next contend that plaintiff has proceeded in bad faith because she did not respond to their motion suggesting that they are entitled to sovereign immunity[3] that was filed on

---

[3]Although defendants titled this motion as a "suggestion of
(continued...)

March 30, 2018 and, instead, moved to amend the complaint (Def. Memo. at 28-29). Defendants maintain that this failure to respond combined with plaintiff's counsel's failure to obtain admission pro hac vice for 13 days after he first entered his notice of appearance and plaintiff's alleged multiple failures to serve defendants properly gives rise to "only [one] reasonable inference" which is that "plaintiff's conduct [amounts to an] endless train of lapses, supposed inadvertencies, and defalca-tions [that] actually serve a simple strategy -- to vex, obfus-cate, and delay, in hopes that the defendants will just relent and settle" (Def. Memo. at 28).

Defendants' claim "is exactly the type of conclusory allegation of bad faith that courts consistently reject." Agerbrink v. Model Service LLC, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (Francis, M.J.); accord Cat3, LLC v. Black Lineage, Inc., 14 Civ. 5511 (AT)(JCF), 2015 WL 5559569 at *5 (S.D.N.Y. Sept. 21, 2015) (Francis, M.J.) (holding that defen-dants made no showing that plaintiffs acted in bad faith in bringing a motion to amend where "[i]n conclusory fashion, the

---

[3](...continued)
immunity", it essentially amounts to a motion to dismiss based on sovereign immunity (see Memorandum Supporting the Suggestion of Immunity of the Republic of Chile, dated Mar. 30, 2018 (D.I. 22)).

defendants assert[ed] that the plaintiffs 'desire to keep Defendants tied up in [ ] costly litigation as long as possible' and describe the plaintiffs' actions as 'the very definition of bad faith'"); Blagman v. Apple, Inc., 12 Civ. 5453 (ALC)(JCF), 2014 WL 2106489 at *3 (S.D.N.Y. May 19, 2014) (Francis, M.J.) ("To the extent that the defendants claim that [plaintiff's] delay was strategic . . . , they provide no showing of bad faith apart from the delay itself."); Primetime 24 Joint Venture v. DirecTV, Inc., 99 Civ. 3307 (RMB)(MHD), 2000 WL 426396 at *5 (S.D.N.Y. April 20, 2000) (Dolinger, M.J.) ("[W]hen the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow the amendment.").

Besides arguing that plaintiff was put on notice of the deficiencies in her complaint when defendants' motion was filed, defendants fail to explain how plaintiff's moving to amend her complaint to cure these purported deficiencies was improper or somehow amounted to bad faith. Randolph Foundation v. Duncan, 00 Civ. 1172 (AKH)(THK), 2002 WL 32862 at *3 (S.D.N.Y. Jan. 11, 2002) (Katz, M.J.) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith."). On the contrary, courts routinely allow parties to amend plead-

ings in response to a motion to dismiss. See Jordan v. Ellsworth, 16-CV-6384 (FPG), 2017 WL 6059889 at *1-*2 (W.D.N.Y. Dec. 7, 2017) (plaintiff's motion to file a second amended complaint in response to defendant's motion to dismiss on sovereign immunity grounds granted and was not made in bad faith); Lowe v. Planning & Zoning Commission of the Town of Mansfield, 16-CV-381 (JCH), 2017 WL 1375170 at *4 (D. Conn. Apr. 14, 2017) (plaintiffs' motion to file a third amended complaint in response to defendants' motion to dismiss was not made in bad faith); Dollinger v. New York State Ins. Fund, 14-CV-908 (MAD/DEP), 2015 WL 8491013 at *1 (N.D.N.Y. Dec. 10, 2015) (plaintiff's motion to file a second amended complaint in response to defendant's motion for judgment on the pleadings on sovereign immunity grounds granted and was not made in bad faith).

Defendants also allege that plaintiff exhibited bad faith by falsely claiming in her motion papers that she did not seek to add any new parties to her action while re-adding the Mission as a defendant[4] (Def. Memo. at 29). Defendants' argument is based on the fact that plaintiff's amended complaint omitted the Mission from the section entitled "Defendant Information."

---

[4]Defendants also allege bad faith because plaintiff added "Does 1-20" as new parties; however, as this portion of plaintiff's motion has already been denied on futility grounds, I need not address this bad faith argument.

21

Based on this omission, defendants appear to be taking the position that the Mission was not a party to the amended complaint despite the fact that it was named in the caption and the amended complaint contained substantive allegations against it. I need not resolve this dispute because even if plaintiff intentionally or accidentally dropped the Mission as a defendant in her first amended complaint, re-adding it as a defendant now is proper under Rule 21, which employs the "same standard of liberality" as Rule 15. Otegbade v. New York City Admin. for Children Servs., supra, 2015 WL 851631 at *2; see also Fed.R.Civ.P. 21 ("the court may at any time, on just terms, add or drop a party").

All of plaintiff's allegations stem from her employment as a secretary at the Mission and almost all of the incidents referenced in her first amended complaint and proposed second amended complaint took place at the Mission office. While it is unclear why plaintiff chose to list the Mission in her first amended complaint caption and not as a party in the section entitled "Defendant Information," given plaintiff's pro se status at the time of this filing and her good faith belief that the Mission remained a party to the action as evidenced by her attempts to serve it with her summons and complaint multiple

times, it is clear that plaintiff was not proceeding in bad faith.[5]

IV.  Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is granted except with respect to adding "Does 1-20" as defendants, which is denied.  Plaintiff is directed to serve and file her second amended complaint within 14 days of the date of this Order.

Dated:  New York, New York
        June 14, 2019

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[5]Defendants make numerous other arguments in opposition to plaintiff's motion to amend including improper service of process on defendants, substantive arguments with respect to their pending motion to dismiss and accusations against plaintiff that she "falsified" documents by inaccurately translating her first amended complaint from English to Spanish (Def. Memo. at 16-22). None of these arguments are appropriate bases for opposing a motion to amend and, thus, I do not address them.